Submitted September 29, 2009, affirmed March 17, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREG ALLEN,
aka Gregory A. Allen, Sr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
070242460; A138081

228 P3d 606

Peter Gartlan, Chief Defender, Appellate Division, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Amanda J. Austin, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.*

PER CURIAM

_____

* Brewer, C. J., *vice* Edmonds, P. J.

## PER CURIAM

Defendant seeks a reversal of his conviction for driving under the influence of intoxicants, ORS 813.010. Defendant contends that the trial court erroneously admitted test results of defendant's blood alcohol content. The trial court held that the warrantless seizure of defendant's breath sample was constitutional under Article I, section 9, of the Oregon Constitution, because exigent circumstances justified the seizure and, alternatively, because defendant voluntarily consented to the search.

On appeal, defendant argues that the state failed to establish an exigency sufficient to excuse any warrant requirement. The state contends that the evanescent nature of blood alcohol evidence in the human body created an exigency that, combined with probable cause to believe that defendant's breath contained evidence pertaining to the crime of driving under the influence of intoxicants, allowed the warrantless seizure.

In *State v. Machuca,* 347 Or 644, 657, 227 P3d 729 (2010), the Supreme Court held, in circumstances similar to those in this case, that, "for purposes of the Oregon Constitution, the evanescent nature of a suspect's blood alcohol content is an exigent circumstance that will ordinarily permit a warrantless blood draw of the kind taken here." *Machuca* controls the result in this case. The breath test was justified by probable cause that it would reveal evidence of the crime of driving under the influence of intoxicants, and a warrant was excused because of exigent circumstances. Given that conclusion, we need not determine whether defendant's consent was valid to allow the seizure.

Affirmed.