On appellant's petition for reconsideration filed March 25, reconsideration allowed; former disposition (241 Or App 572, 250 P3d 464) withdrawn; reversed and remanded August 17, 2011

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## STEVEN F. STCLAIR,
*Defendant-Respondent.*

### Washington County Circuit Court
### D091992T; A144084

261 P3d 94

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, for petition.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

The state petitions for reconsideration of our disposition in *State v. Stclair*, 241 Or App 572, 250 P3d 464 (2011), which we affirmed without opinion. We grant the state's petition and, on reconsideration, withdraw our former disposition and reverse and remand.

Defendant was charged with driving under the influence of intoxicants, ORS 813.010(1), and reckless driving, ORS 811.140. The results of an Intoxilyzer test showed that, at the time of defendant's arrest, his blood alcohol content was .12 percent, .04 percent above the legal limit. Defendant filed a motion to suppress evidence from the Intoxilyzer test, relying on *State v. Machuca*, 231 Or App 232, 218 P3d 145 (2009) (*Machuca I*), rev'd, 347 Or 644, 227 P3d 729 (2010), to argue that the burden was "on the state to demonstrate that a warrant could not be obtained within a reasonable time to secure the evidence." The trial court expressly relied on *Machuca I* in granting defendant's motion to suppress "because it was done without a warrant and without exigent circumstances."

In *State v. Machuca*, 347 Or 644, 227 P3d 729 (2010) (*Machuca II*), the Oregon Supreme Court reversed our decision in *Machuca I*. The court held that, "for purposes of the Oregon Constitution, the evanescent nature of a suspect's blood alcohol content is an exigent circumstance that will ordinarily permit a warrantless blood draw of the kind taken here." 347 Or at 657. In addition, in *State v. Allen*, 234 Or App 363, 364, 228 P3d 606 (2010), a case with similar facts to *Machuca II*, we held that *Machuca II* controlled the result and "[t]he breath test was justified by probable cause that it would reveal evidence of the crime of driving under the influence of intoxicants, and a warrant was excused because of exigent circumstances." *Machuca II* controls the result in this case as well. Accordingly, we conclude that the trial court erred in granting defendant's motion to suppress.

Reconsideration allowed; former disposition withdrawn; reversed and remanded.